IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40844
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIKE SMITH, JR.; ROBERT LEE GEORGE,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CR-108-2
--------------------
May 31, 2000

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

Robert Lee George, Jr., appeals his jury-trial convictions for conspiracy to distribute cocaine and possession with the intent to distribute cocaine. George's codefendant, Mike Smith, Jr., appeals his jury-trial conviction for conspiracy to distribute cocaine. Smith also appeals the life sentence imposed by the district court after his conviction.

Neither appellant renewed their motions for judgments of acquittal at the close of all of the evidence. Thus, their challenges to the sufficiency of the evidence are reviewed for

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plain error only.  See United States v. McCarty, 36 F.3d 1349, 1358 (5th Cir. 1994).  A conviction may be reversed under the plain-error standard only to avoid a "manifest miscarriage of justice."  United States v. Parker, 133 F.3d 322, 328 (5th Cir. 1998).

The evidence adduced at trial established that Smith negotiated the terms and arranged the transaction of July 22, 1999.  He then exchanged crack cocaine - which he himself claimed was from George - for money, and gave a portion of the money to George.  The evidence thus established that Smith and George conspired together to violate the narcotics laws.  See United States v. Smith, 203 F.3d 884, 887 (5th Cir. 2000).

The evidence also established that George possessed crack cocaine with the intent to distribute it.  The Government presented tape-recorded evidence wherein Smith attributed the cocaine to George.  In addition, George had possession of currency given to complete the transaction when he was arrested.  Based on such, a jury could reasonably have inferred either that George had actual possession of the crack before it was distributed, or that George had constructive possession of the crack.  See United States v. Cardenas, 9 F.3d 1139, 1158 (5th Cir. 1993).

Smith's due-process challenge to the Sentencing Guidelines has been rejected not only by this court, but by the Supreme Court.  See Mistretta v. United States, 488 U.S. 361, 412 (1989); United States v. Guajardo, 950 F.2d 203, 206 (5th Cir. 1991.)  His equal-protection argument also fails.  Cf. Harris v. Johnson,

81 F.3d 535, 541 (5th Cir. 1996).  Smith contends that the district court erred in attributing crack cocaine to him based on assertions made by an admitted drug dealer.  However, Smith fails to demonstrate that the district court's credibility determination was clearly erroneous.  See United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995).

AFFIRMED.